**FILED**

22cv570 WJ-KBM

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

COMPLAINT WITH JURY DEMAND

AUG 01 2022

INTRODUCTION

MITCHELL R. ELFERS
CLERK

This is a civil rights complaint filed by pro se Plaintiff John Wilcox, a New Mexico Corrections Department state prisoner, who is seeking relief of compensatory and punitive damages from the the Defendants due to the following constitutional violations described in Claims 1 thru 12 of Plaintiff's Complaint.

The Plaintiff is filing this complaint due to acts of retaliation and discrimination against the Plaintiff by the Defendants in violation of Title II of the Americans With Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the ADA Amendment Act of 2008.

The Plaintiff is a 71 year old NMCD prisoner who is catagorized as an American with Disabilities due to his chronic medical conditions, weak immune system, diabetes, arthritis, COPD, high blood pressure, lung nodules, skin cancer, cellulitis, impaired left hand and arm sciatic nerve (damage) pain due to detached surgical rod in back.

The Defendants have violated the Plaintiffs 1ST, 8TH and 14TH Amendment rights that are actionable under 42 U.S.C. §1983.

The Defendants have violated New Mexico State laws that have deprived the Plaintiff of his constitutional rights and that are actionable under NMSA Chapter 41 of the New Mexico Tort Claims Act, and due to these State law and Constitutional right violations being intertwined with the facts contained

COMPLAINT WITH JURY DEMAND (continued)

in Discrimination and Retaliation part of the Complaint under Title II of the Americans With Disabilities Act, Section 504 of the Rehabilitation Act of 1973, the ADA Amendment Act of 2008, the 1st, 8th and 14th Amendment violations by the Defendants, the Plaintiff does request to be granted Supplemental Jurisdiction by 28 U.S.C. § 1367 that would give this Federal Court jurisdiction over State-law claims.

Due to the forementioned, the Plaintiff demands a trial by jury consisting of a 12 member jury panel.

John Wilcox
John Wilcox #72010

# UNITED STATES DISTRICT COURT

for the

_____ District of _New Mexico_

_____ Division

|  |  |
|---|---|
| _John Wilcox_       ) <br> _____ ) <br> Plaintiff(s) ) <br> *(Write the full name of each plaintiff who is filing this complaint.* ) <br> *If the names of all the plaintiffs cannot fit in the space above,* ) <br> *please write "see attached" in the space and attach an additional* ) <br> *page with the full list of names.)* ) <br> -v- ) <br> _New Mexico Corrections Department_ ) <br> _____ ) <br> _"see attached_ ) <br> Defendant(s) ) <br> *(Write the full name of each defendant who is being sued. If the* ) <br> *names of all the defendants cannot fit in the space above, please* ) <br> *write "see attached" in the space and attach an additional page* ) <br> *with the full list of names. Do not include addresses here.)* ) | Case No. _____ <br> *(to be filled in by the Clerk's Office)* |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

# DEFENDANTS

New Mexico Corrections Department Office of General Counsel,

New Mexico Corrections Department Classification Bureau,

Tim Hatch,

John Sanchez,

Phillip De Herrera,

Cheryl Duran,

Desmond Austin,

Lieutenant Baca,

Officer Lasario,

A. Trujillo,

Catherine Ahring,

Brian Fitzgerald,

Kellie Palmer,

D. Ritter

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                                    John Wilcox

All other names by which
you have been known:      John P. Wilcox

ID Number                          NMCD Inmate # 72010

Current Institution            CNMCF/Level II Geriatrics 8-427

Address                             1525 Morris Rd. S.W.   P.O. Box 1328

Los Lunas               NM          87031
City                    State              Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name                              New Mexico Corrections Department

Job or Title *(if known)*

Shield Number

Employer

Address                           P.O. Box 27116

Santa Fe,             NM          87502-0116
City                    State              Zip Code

☐ Individual capacity    ☒ Official capacity

Defendant No. 2

Name                              New Mexico Corrections Department

Job or Title *(if known)*       Office of General Counsel

Shield Number

Employer

Address                           P.O. Box 27116

Santa Fe             NM          87502-0116
City                    State              Zip Code

☐ Individual capacity    ☒ Official capacity

Page 2 of 11

Defendant No. 3

Name _New Mexico Corrections Department_
Job or Title *(if known)* _Classification Bureau_
Shield Number _____
Employer _____
Address _P.O. Box 27116_
_Santa Fe_     _NM_     _87502-0116_
  City     State     Zip Code

☐ Individual capacity    ☒ Official capacity

Defendant No. 4

Name _Tim Hatch_
Job or Title *(if known)* _Warden_
Shield Number _____
Employer _New Mexico Corrections Department_
Address _1525 Morris Rd. S.W. P.O. Drawer 1328_
_Los Lunas_     _NM_     _87031_
  City     State     Zip Code

☒ Individual capacity    ☒ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim) _Plaintiff request the U.S. District Court to allow Supplemental Jurisdiction under 28 U.S.c, §1367 over state law claims_

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_Title II of the Americans with Disabilities Act; Section 504 of the Rehabilitation Act of 1973; the ADA Amendment Act of 2008; 1ST, 8TH, 14TH Amendment of the U.S. Constitution, New Mexico Public Records Act_

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

ADDITION TO PAGE 2    B: DEFENDANTS

DEFENDANT NO. 5

NAME: John Sanchez    Individual Capacity ☒    Official Capacity ☒

JOB TITLE: Deputy Warden

EMPLOYER: New Mexico Corrections Department

EMPLOYER ADDRESS: NMCD - Central New Mexico Correctional Facility

1525 Morris Rd. S.W.  P.O. Drawer 1328

Los Lunas, NM 87031


DEFENDANT NO. 6

NAME: Phillip De Herrera    Individual Capacity ☒   Official Capacity ☒

JOB TITLE: Unit Manager

EMPLOYER: New Mexico Corrections Department

EMPLOYER ADDRESS: NMCD - Central New Mexico Correction Facility

1525 Morris Rd. S.W.  P.O. Drawer 1328

Los Lunas, N.M. 87031


DEFENDANT NO.7    Individual Capacity ☒  Official Capacity ☒

NAME: Cheryl Duran

JOB TITLE: Classification Officer

EMPLOYER: New Mexico Corrections Department

EMPLOYER ADDRESS: NMCD- Central New Mexico Correctional Facility

1525 Morris Rd. S.W    P.O. Drawer 1328

Los Lunas, NM 87031

Page 2 of 11 (cont)

ADDITION TO PAGE 2        B: DEFENDANTS

DEFENDANT NO. 8

NAME: Desmond Austin        Individual Capacity [X]    Official Capacity [X]

JOB TITLE: Classification Officer

EMPLOYER: New Mexico Corrections Department

EMPLOYER ADDRESS: NMCD - Central New Mexico Correctional Facility

1525 Morris Rd. S.W.  P.O. Drawer 1328

Los Lunas, NM 87031


DEFENDANT NO. 9

NAME: Lieutenant Baca        Individual Capacity [X]    Official Capacity [X]

JOB TITLE: NMCD Correctional Officer

EMPLOYER: New Mexico Corrections Department

EMPLOYER ADDRESS: NMCD - Northeast New Mexico Correctional Facility (NENMCF)

185 Dr. Michael Jenkins Rd.

Clayton, NM 88415


DEFENDANT No. 10    Individual Capacity [X]    Official Capacity [X]

NAME: Officer Lasario

JOB TITLE: NMCD Correctional Officer

EMPLOYER: NMCD - Northeast New Mexico Correctional Facility (NENMCF)

EMPLOYER ADDRESS: NMCD - Northeast New Mexico Correctional Facility (NENMCF)

185 Dr. Michael Jenkins Rd.

Clayton, NM 88415

ADDITION TO PAGE 2      B: DEFENDANTS

DEFENDANT NO. 11

NAME: A. Trujillo      Individual Capacity ☒    Official Capacity ☒

JOB TITLE: NMCD Casemanager/Classification Officer

EMPLOYER: NMCD - Northeast New Mexico Correctional Facility (NENMCF)

EMPLOYER ADDRESS: 185 Dr. Michael Jenkins Rd,

Clayton, NM 87035


DEFENDANT NO. 12      Individual Capacity ☒    Official Capacity ☒

NAME: Catherine Altring

JOB TITLE: NMCD IPRA Custodian/Paralegal - Office of General Counsel

EMPLOYER: NMCD - Office of General Counsel

EMPLOYER ADDRESS: P. O. Box 27116

Santa Fe, NM 87502-6116


DEFENDANT No. 13

NAME: Brian Fitzgerald  Individual Capacity ☒    Official Capacity ☒

JOB TITLE: Chief Deputy - NMCD Office of General Counsel -

EMPLOYER: NMCD - Office of General Counsel

EMPLOYER ADDRESS: P. O. Box 27116

Santa Fe, NM 87502-0116

ADDITION TO PAGE 4-D.    Defendants under color of state law.

request for information through the New Mexico Public Records Act (IPRA) and at times acts as an IPRA Custodian's

Brian Fitzgerald was acting under color of state law at all times relevant to this complaint.

DEFENDANT No. 14: Kellie Palmer

Defendant Kellie Palmer was/is the NMCD Compliance Monitor at the Northeast New Mexico Correctional Facility at Clayton, New Mexico.

Kellie Palmer's job duties included, but not limited to ensuring the facility and its employees were meeting all standards set forth by the American Correctional Association (ACA) and ensuring all state and federal laws are being met as well as all constitution rights NMCD inmates retain.

Kellie Palmer was acting under color of state law at all times relevant to this complaint.

Defendant No. 15: D. Ritter

D. Ritter is a Mailroom Officer at Central New Mexico Correctional Facility and opens and inspects inmates mail and has it distributed to inmates and rejects inmates mail according to facility policies.

D. Ritter was acting under color of state law at all times relevant to this complaint.

P. 10

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

Please see pages in addition 4-D, (Addition to 4-D,
Defendants acting color of state law)

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☒  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☐  Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

April 27, 2020 until August

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

April 27, 2020 through August 6, 2020 at New Mexico Correctional Facility
Level II Geriatrics at Los Lunas, New Mexico
August 6, 2020 through April 23, 2021 at Northeast New Mexico
Correctional Facility, Clayton, New Mexico
April 23, 2021 through present at Central New Mexico Correctional
Facility Level II Geriatrics, Los Lunas, New Mexico

Page 4 of 11

ADDITION TO PAGE 4-D.   Defendants acting under color of state law

DEFENDANT NO. 4:  Tim Hatch

Tim Hatch has is employed by the New Mexico Corrections Department as a Deputy Warden and Warden at Northeast New Mexico Correctional Facility located at Clayton, New Mexico and has been employed as the Warden at Central New Mexico Correctional Facility located at Los Lunas, New Mexico.

Warden Hatch is the person of authority at these two(2) correctional facilities and is responsible for ensuring NMCD employees adhere to all state and federal laws and meet all constitutional requirements that NMCD inmates retain.

Deputy Warden/Warden Tim Hatch acted under color of state law at all times relevant to this complaint.

DEFENDANT No. 5:  John Sanchez

John Sanchez was the Deputy Warden at Central New Mexico Correctional Facility Level 11 Geriatrics Unit at Los Lunas, New Mexico.

While he was acting as Deputy Warden at the level 11 Geriatrics Unit, he was responsible for the daily operation of this prison facility, and was in charge of Geriatric Inmates and their programs.

John Sanchez is currently the Deputy Warden at the Administrative Office at Central New Mexico Correctional Facility.

Deputy Warden John Sanchez acted under color of state law at all times relevant to this complaint.

pg. 10

ADDITION TO PAGE 4-D.   Defendants under Color of state law

DEFENDANT No. 6: Phillip De Herrera

Phillip De Herrera was the Unit Manager at the Central New Mexico Correctional Facility Level II Geriatrics Unit at Los Lunas, New Mexico,

Phillip De Herrera's job duties included NMCD Informal Complaint Officer, approving Inmate Purchase Orders and managing the daily operation of the Level II Geriatrics Unit.

Unit Manager Phillip De Herrera acted under the color of state law at all times relevant to this complaint.

DEFENDANT No. 7: Cheryl Duran

Cheryl Duran was the Unit Manager at the Central New Mexico Correctional Facility level II Geriatrics Unit at Los Lunas, New Mexico.

Cheryl Duran's duties included overseeing the daily operation of this facility, approving inmate purchase orders and being the Informal Complaint Officer for the NMCD Inmate Grievance Policy.

Cheryl Duran acted under the color of state law at all times relevant to this complaint.

DEFENDANT NO. 8: Desmond Austin

Desmond Austin is a Classification Officer and Casemanager at Central New Mexico Correctional Facility level II Geriatrics Unit at Los Lunas, New Mexico.

Desmond Austin duties included keeping inmate files updated, conducting committe hearings and assisting inmates eligible

P. 10

ADDITION TO PAGE 4-D.  Defendants under color of state law

DEFENDANT No. 11: A. Trujillo

A. Trujillo (AKA Ms. Trujillo) was/is a Casemanager and Classification Officer at Northeast New Mexico Correctional Facility located at Clayton, New Mexico.

A. Trujillo's job duties included updating inmate files, assisting inmates who have questions regarding their incarceration and figuring inmate good time to name a few.

A. Trujillo was acting under color of state law at all times relevant to this complaint.


DEFENDANT No. 12: Catherine Ahring.

Catherine Ahring is a paralegal employed by the New Mexico Corrections Department Office of General Counsel.

Catherine Ahring's job duties include, but not limited to, fullfilling request for information under the New Mexico Public Records Act or designating NMCD employees who could, more commonly called an IPRA Custodian.

Catherine Ahring was acting under color of state law at all times relevant to this complaint.


DEFENDANT No. 13: Brian Fitzgerald

Brian Fitzgerald is the Chief Deputy for the NMCD Office of General Counsel.

- Brian Fitzgerald is a person of authority overseeing the

$A_1$  10

ADDITION TO PAGE 2    B: DEFENDANTS

DEFENDANT No. 14
NAME: Kellie Palmer    Individual Capacity [X]    Official Capacity [X]
JOB TITLE: NMCD State Compliance Monitor
EMPLOYER: NMCD-Northeast New Mexico Correctional Facility (NENMCF)
EMPLOYER ADDRESS: 185 Dr. Michael Jenkins Rd,
                        Clayton, NM 88415


DEFENDANT NO. 15    Individual Capacity [X]    Official Capacity [X]
NAME: D. Ritter
JOB TITLE: CNMCF Mailroom Officer
EMPLOYER: NMCD-Central New Mexico Correctional Facility
EMPLOYER ADDRESS: 1525 Morris Rd. S.W.    P.O. Drawer 1328
                        Los Lunas, New Mexico

C.    What date and approximate time did the events giving rise to your claim(s) occur?

Dates giving rise to Plaintiff's claims are stated in Claims 1 thru 11 (Pages 1 thru 40)

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* The facts are included in Plaintiff's Claims 1 thru 11 (pages 1 thru 40)

CLAIM TWO WITNESSES: Delmar Newman, John Heard, Curtis Tolbert, John Ortiz
CLAIM THREE WITNESSES: Delmar Newman, John Heard, John Ortiz, Curtis Tolbert, Curtis Clayton #87672
CLAIM FOUR: Delmar Newman, Kenneth Elioth Curtis Tolbert, John Ortiz, John Heard
CLAIM SIX WITNESSES: Albert Hungaher, Gene Ferry surveillance camera footage
CLAIM SEVEN WITNESS: Juan Gutierrez #70489
CLAIM EIGHT WITNESS: Juan Gutierrez #70489, Michael Lyons #79097

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. My back, hip and sciatic nerve pain has increased since being placed on transport in a "dog kennel" style transport. Plaintiff received physical therapy but did not help enough to get my pain level to where it was before being placed on transport.

For the first time in Plaintiff's life, he has been placed on high blood pressure medication, and the Plaintiff attributes this to the malicious harassment and the stress of being placed in environments that are unhealthy to his mental and physical well being. Due to my hand/wrist being handcuffed for such an extended period of time on transport, it has impaired my ability to Write legibly,

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

The Plaintiff has prayed for relief of compensatory damages and punitive damages from the defendants in each of his 11 claims and has explained the basis for each of these claims.
The Plaintiff prays to be reimbursed for the filing fees, photocopying and all other cost related to this 1983 Civil Rights Complaint.

The Plaintiff prays to be granted a trial by jury with a 12 member jury panel.
Plaintiff prays to be granted the ability to supplement complaint if it becomes necessary to add defendants

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

B.      Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.      Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

*Claims 1 thru 11*

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Plaintiff filed grievances at Central New Mexico Correctional Facility Level II Geriatrics at Los Lunas, New Mexico and Northeast New Mexico Correctional Facility at Clayton, New Mexico

2.    What did you claim in your grievance?

I submitted grievances for all claims 1 thru 11 stated in my complaint.

3.    What was the result, if any? Even though Plaintiff produced/stated witnesses and evidence to support his grievances, the defendants did not grant any relief and/or completely denied or marked his grievances as denied

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

The Plaintiff appealed his NMCD Inmate Grievances for all claims to the NMCD Cabinet Secretary/Designee

F.     If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. In the Plaintiff's Claim No. 1 the Warden resolved the issue after Grievance was forwarded to him, but because of the delays in approving not son for visitation, the damage was irreparable

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1.   Parties to the previous lawsuit

      Plaintiff(s) _____

      Defendant(s) _____

   2.   Court *(if federal court, name the district; if state court, name the county and State)*

      _____

   3.   Docket or index number

      _____

   4.   Name of Judge assigned to your case

      _____

   5.   Approximate date of filing lawsuit

      _____

   6.   Is the case still pending?

      ☐ Yes

      ☐ No

      If no, give the approximate date of disposition. _____

   7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

      _____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

[X] Yes

[ ] No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)   John Wilcox, JaWayne Helfrich, Ray Martinez, et al

Defendant(s)   Susana Martinez

2.    Court *(if federal court, name the district; if state court, name the county and State)*

U.S. District Court for the State of New Mexico

3.    Docket or index number

2:14-cv-00308

4.    Name of Judge assigned to your case

Judge Vasquez (to the best of my memory

5.    Approximate date of filing lawsuit

03-31-2014

6.    Is the case still pending?

[ ] Yes

[X] No

If no, give the approximate date of disposition    05-12-2015

7.    What was the result of the case? *(For example: Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)* Case Was dismissed,
Order Denying Motion For Leave To Proceed Without
Prepayment of Fees in Court of Appeals for 10th Cir,
Plaintiff did not pursue case on appeal.

(See additional pages)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _July 27, 2022_

Signature of Plaintiff _John Wilcox_

Printed Name of Plaintiff _John Wilcox_

Prison Identification # _NMCD Inmate # 72010_

Prison Address _Central New Mexico Correctional Facility P.O. Drawer 1328_

_Los Lunas_         _NM_        _87031_
City              State       Zip Code

### B.    For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

_____
City              State       Zip Code

Telephone Number _____

E-mail Address _____

ADDITION TO PAGE 10 D - PREVIOUS LAWSUITS

#1 JOHN WILCOX

V.

MANAGEMENT AND TRAINING CORP,

JAMES FRAWNER, LT. MARTINEZ, et al;

#2. 12TH Judicial District Court of New Mexico

#3. Case No. D-1215-CV-2017-00346

#4. Judge Blankenship

#5  04-25-2017

#6 Case is pending

#7. Case was dismissed in 12TH Judicial District Court of NM
   Case is pending in New Mexico Court of Appeals,
   Case No. A-1-CA-37736

ADDITION TO PAGE 10 D. - PREVIOUS LAWSUITS

#1. JOHN P. WILCOX

   V.

MANAGEMENT AND TRAINING CORP,

JAMES FRAWNER, et al,

#2. 12TH Judicial District Court of NM - Otero County

#3. Case No: D-1215-cv-2016-00326

#4. Judge Angie Schneider

#5. 05-02-2016

#6. Case Pending

#7. Case was appealed in the New Mexico Court of Appeals for
the 2ND time and remanded to the 12TH Judicial District
Court of New Mexico
   1ST Appeal Case No: A-1-CA-36854
   2ND Appeal Case No: A-1-CA-38272

P. 10

ADDITION TO PAGE 10-D    PREVIOUS LAWSUITS

#1.  JOHN WILCOX

       V.

    MANAGEMENT AND TRAINING CORP,

    WARDEN R. MARTINEZ, et al.

#2.  U.S. District Court of New Mexico

#3.  Case No: 1:19-cv-00296-KWR-EJF

#4.  Judge Kea Riggs

#5.  04-01-2019

#6  Case was dismissed with prejudice on appx. 10-1-2021

P. 10

ADDITION TO PAGE 10-D  PREVIOUS LAWSUITS

#1.  JOHN WILCOX

V.

GEO GROUP, INC.,

CORIZON, LLC

#2.  1ST Judicial District Court of New Mexico

#3.  D-101-cv-2014-01122

#4.  Judge David Thompson.

#5.  05-09-2014

#6.  Case was dismissed in the New Mexico Court of Appeals
Case No. A-1-2A-37155.  on appx. 03-1-2022

P. 10

ADDITION TO PAGE 10·D    PREVIOUS LAWSUITS

#1.    JOHN WILCOX
          V.
       JOHN GAY, JERRY ROARK,
         et al.

#2.  U.S. District Court of New Mexico

#3.  1:20-CV-01018-KWR-LF

#4, Ken Riggs

#5, 10-25-2020

#6  Case dismissed Without Prejudice

P.  10.

ADDITION TO PAGE 10-D PREVIOUS LAWSUITS

#1, JOHN WILLCOX

   V,

   JOHN GAY, et al,

#2, U.S. District Court of New Mexico

#3, 1:20-CV-01018-KWR-LF

# Judge Kea Riggs

#5 10-05-2020

#6 Plaintiff dismissed complaint

# CLAIM ONE

1    While the Plaintiff was housed at the Central New Mexico Correctional Facility
2 (hereinafter NMCD) Level II Geriatrics Unit at Los Lunas, New Mexico, the
3 Plaintiff frequently used the NMCD inmate Grievance Policy and Procedure
4 to voice his complaints protected by the 1st Amendment.

5    Due to the Plaintiff's frequent usage of the NMCD inmate Grievance
6 Policy and Procedure and other underlying issues, the Plaintiff began
7 experiencing incidents of retaliation by Defendants Deputy Warden
8 John Sanchez and Unit Manager Phillip De Herrera who was acting
9 as NMCD Informal Complaint Officer for the NMCD Grievance
10 Policy and Procedure.

11    On April 27, 2020 Deputy Warden John Sanchez denied the Plaintiff's
12 son who turned 18 years old visitation privileges with the Plaintiff
13 even though NMCD Policy allowed visits when minors related to the
14 victim of my crime turned 18 years old.

15    Deputy Warden John Sanchez and Unit Manager Phillip De Herrera also
16 had access to Plaintiff's visitation records which show the Plaintiff
17 previously had visits from family members including two daughters
18 who were over 18 years old and two sons who visited after turning
19 18 years old, and his wife.

20    With the position Deputy Warden John Sanchez holds and the
21 position Unit Manager Phillip De Herrera holds, they are well
22 versed in NMCD Policies and Procedures and/or have direct
23 access to all NMCD Policies.

# CLAIM ONE

24 By the time the Plaintiffs NMCD Grievance was resolved and allowing his
25 son visitation and the Plaintiffs son having to reapply for visitation
26 privileges, it was June 26, 2020 before the Plaintiffs son was approved for
27 visits due to the deliberate and malicious acts of retaliation by
28 Deputy Warden John Sanchez and Unit Manager Phillip De Herrera.
29 By that time visits were no longer allowed until further notice
30 due to the Covid-19 virus becoming prevalent.
31. This is an act of retaliation by Defendants John Sanchez and
32. Phillip De Herrera due to Plaintiff filing multiple grievances.
33. WHEREFORE, Plaintiff prays to be granted the following relief:

34. Award comensatory damages in the following amounts:
35. $15,000.00 jointly and severally against Defendants John Sanchez
36 and Phillip De Herrera for deliberate and malicious acts of
37. retaliation against the Plaintiff.

38. Award punitive damages in the following amounts:
39. $15,000.00 in punitive damages jointly and severally against
40. Defendants John Sanchez and Phillip De Herrera for the
41. deliberate and malicious acts of retaliation against Plaintiff.

42. Grant such other relief as it may appear the Plaintiff is
43. entitled to.

# CLAIM TWO

1 During the following incident the plaintiff was a participant in
2 what was called the Senior Living Program (hereinafter SLP) at the
3 CNMCF Level II Geriatrics Unit, By the NMCD Geriatrics Policy.
4 By this Geriatrics Policy, inmates had to sign a written contract
5 and be 55 years or older, and agree to adhere to certain rules and
6 stipulations to be in this SLP.
7 The SLP dormitory consisted of 38 beds and participants in 34 of
8 the beds were 65 to 85 years old.
9 On April 27, 2020 the Plaintiff was sitting at his table next to
10 his bed when Deputy Warden John Sanchez entered and an inmate
11 asked him about a hotpot a Lieutenant removed from our
12 dormitory. I was startled by Deputy Warden John Sanchez's
13 yelling "I will take your hotpots, microwave, TV's, shoes and
14 your blankets."
15 When Deputy Warden John Sanchez passed by my bunk/living
16 area, he looks directly at me yelling "The look on your face tells
17 me you have something to say - go ahead - say it!"
18 This was an act of aggression, hostility and verbal abuse.
19 This act was a threat of retaliation.
20 By John Sanchez living outside of the facility and working
21 inside of the facility Not wearing a protective mask when he
22 was yelling at me, Warden John Sanchez had the potential to
23 spread the Covid-19 virus to the elderly inmate population.

R. 3

# CLAIM TWO

24  This demonstrates a disregard for the Plaintiff's health, safety and
25  welfare by Deputy Warden John Sanchez which is in violation of
26  8TH Amendment.

27  The Plaintiff filed a NMCD Inmate Grievance due to the incident
28  the Plaintiff described and listed several witnesses to this incident.

29  The Plaintiff requested relief of having the Grievance Officer
30  investigate this incident and interview witnesses with
31  a constituent from the State of New Mexico that is not
32  affiliated with the NMCD. There was not ever any interviews
33  conducted with my witnesses.

34  The Plaintiff filed his Grievance Appeal to the Cabinet
35  Secretary/Designee which gave the Director of Adult Prisons
36  direct knowledge of the incident.

37  The Plaintiff received a response to his Grievance Appeal
38  on 05-27-2020 (emphasis on 05-27-2020 for future reference).
39  and Director of Adult Prisons deemed Plaintiffs grievance as resolved,
40. therefore no corrective action was taken.

41. Deputy Warden John Sanchez initiated acts of verbal abuse
42. and threats of retaliation in violation of the 8TH Amendment.

43.  WHEREFORE, Plaintiff prays to be granted the following relief:

44. Award comensatory damages in the following amounts:

CLAIM TWO

45. $15,000.00 against Defendant John Sanchez due to his threats
46. of retaliation and verbal abuse against the Plaintiff in
47. violation of the 8TH Amendment,

48. Award punitive damages in the following amount:
49. $15,000.00 against Defendant John Sanchez for his threats
50. of retaliation and verbal abuse against the Plaintiff in
51. violation of the 8TH Amendment.

52. Award compensatory damages in the following amount:
53. $7,500.00 in compensatory damages against Defendant
54. New Mexico Corrections Department due to NMCD Officials
55. having direct knowledge of the acts of verbal abuse and
56. threats of retaliation by Defendant John Sanchez against
57. the Plaintiff in violation of the 8TH Amendment and
58. taking no corrective action for relief,

59. Award punitive damages in the following amount:
60. $7,500.00 against Defendant New Mexico Corrections Dept.
61. due to NMCD Officials having direct knowledge of the acts
62. of verbal abuse and threats of retaliation by Defendant John Sanchez
63. against the Plaintiff in violation of the 8TH Amendment and
64. not taking corrective action to provide Plaintiff relief,
65. Grant such other relief as it may appear Plaintiff is entitled to,

# CLAIM THREE

1. On 08-01-2020 the Plaintiff had to be placed in a wheelchair and
2. assisted to the Medical Unit due to the Plaintiff sweating
3. profusely and being dizzy, almost passing out.

4. Plaintiff was diagnosed of having a low oxygen count and a
5. urinary tract infection.

6. Plaintiff received a breathing treatment and prescribed
7. medication at the Medical Unit.

8. On 08-03-2020 the Plaintiff was experiencing swelling, redness
9. and pain in his right leg. The Medical Unit diagnosed the Plaintiff
10. as having Cellulitis, a bacterial infection under the skin.

11. The Plaintiff was given antibiotics and advised to keep
12. his leg elevated by the Medical Unit.

13. On August 6, 2020 the Plaintiff was awakened by the on
14. duty Correctional Officer at approximately 12:05 AM and
15. told the Plaintiff to pack his personal property because
16. he was going on transport that morning.

17. The Plaintiff went to the Medical Unit at 6:30 AM that
18. morning and asked the nurse if she could put me on a
19. medical hold due to the medical issues I was having, but
20. the nurse said there was nothing she could do.

21. The Plaintiff was placed on the transport which left
22. Los Lunas, New Mexico, travelled to Grants, New Mexico, then
23. to Santa Fe, New Mexico and on to Clayton, New Mexico

P. 6

# CLAIM THREE

24. Where the Plaintiff was being housed at the Northeast New Mexico
25. Correctional Facility (hereinafter, NENMCF).
26.    The Defendants ignored the Plaintiff's prescribed treatment
27. plan and recommendations by the medical provider, and by
28. the time the Plaintiff was on transport for approximately
29. nine (9) hours until reaching the final destination at the
30. NENMCF, Clayton, New Mexico, the Plaintiff was having
31. extreme swelling and pain in the infected area of his right
32. leg more than before being placed on transport.
33. The Plaintiff's cellulitis is a chronic medical condition as he
34. has several other incidents of being treated for cellulitis
35. documented in his medical records.
36. Cellulitis can be life threatening so the Defendants acted
37. deliberately indifferent by placing the Plaintiff for 9
38. hours on transport.
39.   After the Plaintiff was evaluated by medical at NENMCF
40. his prescribed treatment of antibiotics and keeping the
41. infected area of his leg elevated had to be extended for
42. an extended period of time on 08-13-2020
43.   Plaintiff's cellulitis was unresolved until 09-02-2020
44. where normally in past incidents cellulitis was resolved in 7-10 days.
45.   The Defendants placed the Plaintiff's health and
46. safety at risk by placing the Plaintiff on transport

# CLAIM THREE

47. With serious medical conditions for nine (9) hours without access of
48. medical care being readily available if the Plaintiff developed further
49. medical complications which placed the Plaintiff's health and life at risk.
50. The Plaintiff suffered pain in his wrist due to the constant
51. rubbing from the handcuffs which left permanent scars on wrist.
52. The Plaintiff was subjected to pain and suffering from the constant
53. rubbing from the handcuffs while being transported.
54. The Plaintiff was provided his quarterly good time sheet from
55. the Level II Geriatrics Unit after arriving at NENMCF,
56. This good time document was signed by Classification Officer
57. Desmand Austin and Unit Manager Phillip De Herrera, who was
58. acting as the designee for Defendant John Sanchez,
59. The NMCD Classification Bureau has the final authority when
60. approving facility transfers of inmates,
61. The Defendants inflicted pain and suffering, cruel and
62. unusual punishment, and demonstrated a deliberate
63. indifference towards the Plaintiff's health and safety
64. due to Plaintiff's transport while being treated for his
65. serious medical conditions in violation of the 8TH Amendment.

66. WHEREFORE, the Plaintiff prays to be granted the following relief:

67. Award compensatory damages in the following amounts,

# CLAIM THREE

68. Not less than $200,000.00 jointly and severally against Defendents
69. John Sanchez, Phillip De Herrera, Desmond Austin and the NMCD
70. Classification Bureau for violations of the Plaintiff's
71. Eighth Amendment.

72. Award punitive damages in the following amount:
73. Not less than $200,000.00 jointly and severally against Defendants
74. John Sanchez, Phillip De Herrera, Desmond Austin, and
75. the NMCD Classification Bureau for violations of the
76. Plaintiff's 8TH Amendment.

77. Grant such other relief as it may appear that the Plaintiff
78. is entitled to.

# CLAIM FOUR

1. The Plaintiff was removed from CNMCF/Level II Geriatrics Unit
2. located at Los Lunas, New Mexico and transferred to the Northeast
3. New Mexico Correctional Facility (hereinafter, NENMCF)
4. located at Clayton, New Mexico.
5. Prior to the Plaintiff being transferred, he went before the
6. Classification Committee at CNMCF/Level II Geriatrics Unit
7. where it is states on the Committee Hearing document
8. "Continue current program previously assigned by Committee;
9. Needs of facility and inmate," dated 07-16-2020.
10. The assigned program the Plaintiff was assigned to
11. was the Senior Living Program (SLP) in which the
12. Plaintiff had to sign a contract with the facility
13. to be a participant.
14. Despite what was stated on the Committee Hearing, the
15. Plaintiff was removed from the SLP and transferred to
16. NENMCF on 08-06-2020, approximately 21 days after the
17. 07-16-2020 Committee Hearing.
18. The Plaintiff filed a NMCD Inmate Classification Appeal Form
19. at NENMCF on 08-27-2020 concerning the forementioned
20. transfer and the response the Plaintiff received from
21. Deputy Warden Tom Hatch on September 1, 2020 was "Sir,
22. you were put for a transfer committee on 05-27-2020
23. by your case manager R. De Herrera at CNMU due to

P. 10

CLAIM FOUR

24. you no longer needing to be at the geriatrics unit, "
25.  The Plaintiff emphasizes the date of 05-27-2020 that P.
26. DeHerrera put the Plaintiff in for a transfer, and is
27. the same date the Plaintiff received his NMCD Grievance
28. Appeal response from the NMCD Inmate Grievance he
29. filed against Deputy Warden John Sanchez and the
30. Plaintiff placed emphasis on this date in CLAIM ONE,
31. Page 4, lines 37, 38.
32.  This date is evidence the Plaintiff was transfered
33. in retaliation for filing NMCD Grievances which violates
34. the Plaintiff's 1ST Amendment of freedom of speech.
35. Moreover, the Plaintiff has been placed under the
36. custody of the NMCD since June 8, 2010 and has
37. never received any disciplinary reports and has a
38. Classification score of -3 points.
39.  While the Plaintiff was a participant in the SLP
40. with 37 other inmates which some had the same level
41. of classification and had just as much or more time
42. remaining on their sentence, did not have the ongoing
43. chronic medical conditions as the Plaintiff, then the
44. Defendants removing only the Plaintiff from the SLP
45. program and transferring the Plaintiff is an act of
46. retaliation by the Defendants, treating the Plaintiff

P. 11

# CLAIM FOUR

47. differently than others simularly situated in violation of The Equal

48. Protection of The Law protected by the 14TH Amendment.

49.  Moreover, the Plaintiff has ongoing chronic medical conditions

50. and physical impairments that meets the criteria as of a person of an

51. American With Disabilities, and when the Defendants retaliated

52. and transferred the Plaintiff, removed the Plaintiff from the

53. Senior Living Program that was provided by NMCD Policy / Geriatrics

54. Policy and left other inmates that were in the program, the Defendants

55. violated the Plaintiff's constitutional rights and violated Title II

56. of the Americans with Disabilities Act, Section 504 of the

57. Rehabilitation Act of 1973, and the ADA Amendment Act of 2008.

58.  The Defendants breached a contract the Plaintiff signed to

59. be a participant in the Senior Living Program before he was

60. arbitrarily removed from this program.

61.  When the Plaintiff was transferred from CNMCF/CMRU Level II

62. Geriatrics Unit, he suffered a loss of his job and was

63. paid extremely less while he was housed at NENMCF and

64. continues to earn way less since being returned to

65. CNMCF/CMRU Level II Geriatrics.

66.  The Defendants have violated Plaintiff's rights that are protected

67. by State and Federal Law, the U.S. Constitution, and his

68. rights protected by Title II of the Americans with Disabilities Act,

69. Section 504 of the Rehabilitation Act of 1973; and the

## CLAIM FOUR

70. ADA Amendments Act of 2008.

71. WHEREFORE the Plaintiff prays to be granted the following relief as follows:

72. An award of not less than $250,000.00 in compensatory damages jointly and
73. severally against Defendants John Sanchez, Phillip De Herrera, Desmond
74. Austin and the NMCD Classification Bureau for retaliation and
75. discrimination against the Plaintiff, violating the Plaintiff's 14TH Amendment,
76. violating the Plaintiff rights protected by Title II of the Americans with
77. Disabilities Act, Section 504 of the Rehabilitation Act of 1973, the ADA
78. Amendments Act of 2008, and breach of contract;

79. An award of not less than $250,000.00 in punitive damages jointly and
80. severally against Defendants John Sanchez, Phillip De Herrera, Desmond
81. Austin, and the NMCD Classification Bureau for retaliation and
82. discrimination against the Plaintiff, violating the Plaintiff's 14TH
83. Amendment, violating the Plaintiff's rights protected by Title II of the
84. Americans with Disabilities Act, Section 504 of the Rehabilitation Act
85. of 1973, the ADA Amendments Act of 2008, and breach of contract.

86. An award of money difference between the job earnings the Plaintiff was
87. receiving before being transferred from CNMCF/CMRU Level II Geriatrics
88. and Plaintiff's earning he receives now until 1983 Complaint is settled,
89. Any other such relief the Plaintiff is entitled to.

P. 13

# CLAIM FIVE

1.    ON September 29, 2020 the Plaintiff sent mail to the NMCD
2. Office of General Counsel (hereinafter OGC) a request for
3. documents pursuant to the New Mexico Inspection of Public
4. Records Act (AKA IPRA), NMSA 1978, Section 14-2-1 in which the
5. Plaintiff requested a photocopy of the transfer committee
6. document on 08-27-2020 by Casemanager R. De Herrera
7. at CNMCF/EMRU.

8.    IPRA Paralegal-OGC Catherine Ahring responded on October 16,
9. 2020 stating "The transfer document should be located within
10. your inmate file. You may make arrangements with your
11. casemanager to view your file. The Department has now fully
12. responded to your request and is closing this matter."
13.    The Plaintiff met with his casemanager A. Trujillo at NENMCF
14. with Catherine Ahring's response and asked casemanager A. Trujillo
15. to view his file, and she replied she would get Plaintiff's file for
16. a meeting and viewing. At this point A. Trujillo became
17. responsible for fulfilling the Plaintiff's request.

18.    The Petitioner spoke to Casemanager A. Trujillo several
19. times over the next three (3) months requesting to view
20. his inmate file without results and in violation of the
21. New Mexico Public Records Act, therefore the Plaintiff filed
22. a NMCD Inmate Grievance due to this incident on 01-18-2021.
23.    Eventually Unit Manager Baker and Casemanager A. Trujillo

P. 14

## CLAIM FIVE

24. met with the Plaintiff on 01-27-2021 to review the
25. Plaintiff's file.

26.    The Plaintiff was sitting opposite of Unit Manager Baker as
27. to block my view when reviewing Plaintiff's inmate file on the
28. computer screen and she stated all my Committee Transfer
29. and Committee Hearing documents were on file except the
30. one generated by Casemanager P. De Herrera on 05-27-2020.
31.    This document was redacted and filed on the NMCD
32. CMIS system as confidential.
33.    Unit Manager Baker informed the Plaintiff it would be the
34. decision of NMCD State Compliance Monitor Kellie Palmer to
35. allow the Plaintiff to view the forementioned document.
36.    The Plaintiff received a written response on 02-09-2021 from
37. NMCD State Compliance Monitor Kellie Palmer stating "Per OGC
38. the information printed from our internal program is confidential"
39.    For the second time the Plaintiff mailed the OGC an IPRA
40. request asking to be provided the documents related to the transfer
41. committee on 05-27-2020 by Casemanager P. De Herrera, and
42. on April 9, 2021 the Plaintiff received a response from NMCD-OGC
43. Paralegal Catherine Ahring stating "I am forwarding to the
44. compliance officer, Kellie Palmer, a copy of the documents
45. you requested. Please make arrangements with her to view
46. the documents."

15

# CLAIM FIVE

47. The Plaintiff Met with NMCD State Compliance Officer Kellie
48. Pelmer at the NENMCF library and the documents she presented
49. to me were for a transport to Alamogordo, New Mexico for a
50. scheduled court hearing at the 12TH Judicial District Court,
51.  The Plaintiff refused to pay for these documents unrelated to
52. the Plaintiff's request,
53.  At this point, all of the OGC documents they were forwarding
54. the Plaintiff were to attempt the Plaintiff to be
55. discouraged from pursuing his IPRA request, and the act
56. were malicious harassment,
57.  On April 23, 2021 the Plaintiff was transferred from NENMCF
58. back to CNMCF/CNMRU Level II Geriatrics at Los Lunas, New
59. Mexico.
60.  The Plaintiff mailed the NMCD-OGC requesting all
61. documents related to the forementioned transfer including
62. documents that show the reasons and justification for
63. this transfer,
64.  The Plaintiff was attempting to gather information
65. and evidence that he should have not been removed from
66. the CNMCF Level II Geriatrics on August 6, 2020,
67.  IPRA Records Custodian/Chief Deputy General Counsel
68. Brian Fitzgerald responded " Pursuant to 14-2-8 (D)
69. of the IRRA, you will be provided with this agency's

P, 16

# CLAIM FIVE

70. response, including whether the Department has any
71. objections (based on exemptions provided in the IPRA)
72. within 15 days of receipt of your request.
73. This is the last communication the Plaintiff had with
74. the NMCD Office of General Counsel.

75. The Defendants are deliberately and maliciously depriving
76. the Plaintiff of information he is seeking, and the
77. Defendants have not and cannot show cause for the
78. deprivation of this information due to the following:
79. (A) Plaintiff has been under the custody of the NMCD since
80. June 8, 2010 and has never received any disciplinary reports.
81. (B) The Plaintiff was 69 years old when he was transferred
82. from the CNMCF Level 11 Geriatrics Unit and had -3 points on
83. his Re-Classification Scoring Form, and is now 71 years old
84. with -6 points on his Re-Classification Scoring Form.
85. (C) The Plaintiff was the only participant removed from
86. the Senior Living Program at CNMCF Level 11 Geriatrics.
87. (D) By the Defendants placing unknown documents that
88. are confidential in the Plaintiff's inmate file, the
89. Defendants have created a Liberty Interest (emphasis on
90. Liberty Interest) because this confidential information
91. may contain false allegations that the Plaintiff
92. is a substantial risk for being granted parole or

# CLAIM FIVE

93. even delaying or denying parole on Plaintiff's release date for parole.

94. New Mexico Public Records Act, Article 2, Section 14-2-11, C. and

95. C. (2) provides an award not to exceed $100.00 per day to the

96. requestor due to a records custodian not delivering or mailing

97. a written explanation of denial within (15) fifteen days after

98. receipt of a written request for inspection.

99. The Defendants did not provide a written explanation for

100. denying the Plaintiff's IPRA Request until 100 days elapsed.


101. WHEREFORE, the Plaintiff prays to be granted the following relief:


102. For the Court to order Defendants to produce the Committee

103. Transfer documents that were generated by Casemanager

104. Phillip De Herrera on 05-27-2020 for the Plaintiff


105. For the Court to Order Defendants to produce all documents

106. generated by the Defendants including the NMCD Classification

107. Bureau which states the justification for transferring the

108. Plaintiff from the CNMCF Level II Geriatrics Unit at Los Lunas,

109. New Mexico to the Northeast New Mexico Correctional Facility

110. (NENMCF) at Clayton, New Mexico.


111. The Plaintiff prays to be granted an award of $10,000.00

R. 18

# CLAIM FIVE

112. jointly and severally against Defendants Catherine Ahring,
113. Kellie Palmer, A. Trujillo and the NMED Office of General
114. Counsel for violating procedures set forth by the New Mexico Public
115. Records Act and providing the Plaintiff information unrelated
116. to Plaintiff's IPRA Request deliberately which is an act of
117. harassment, and violating the New Mexico Public Records Act by
118. not mailing or producing a letter of explanation denying the
119. Plaintiff's IPRA request within the time allowed by law.

120. The Plaintiff prays to be granted an award of $100.00 per day
121. until the Plaintiff receives a written response explaining the
122. denial of Plaintiff's written IPRA request or his IPRA Request
123. is fulfilled jointly and severally against Defendants Brian
124. Fitzgerald and the NMED Office of General Counsel

125. Grant such other relief as it may appear Plaintiff is entitled to.

# CLAIM SIX

1. Plaintiff was housed at the NENMCF, Clayton, New Mexico, from
2. August 6, 2020 until April 23, 2021,
3. NENMCF is a NMCD operated prison facility.
4. While the Plaintiff was housed at NENMCF two named
5. inmates succumbed to the Covid-19 virus in my dormitory.
6. The Governor of New Mexico issued a state-wide mandate
7. that all state employees including correctional officers
8. wear protective mask and the same mandate applied to NMCD
9. inmates during the Covid-19 epidemic.
10. Several correctional officers ignored the mask wearing mandate
11. so the Plaintiff filed two (2) complaints on 02-12-2021, one
12. complaint on 02-15-2021 and one complaint on 02-23-2021 due to
13. correctional officers NOT wearing protective mask.
14. The Plaintiff received the same generic response the correctional
15. officers have been advised to wear their mask and the Captain
16. has been Notified as well.
17. Even after such forewarning, Officer Lasario opened my
18. cell door and was NOT wearing a protective mask to inform the
19. Plaintiff he need to report to the Lieutenant to sign for his
20. incoming legal mail (date of incident 03-23-2021 at 3:10 PM).
21. The Plaintiff asked Officer Lasario to put on his mask two
22. times while he was holding the cell door open, and when
23. Officer Lasario asked me for the third time if I was

P. 20

## CLAIM SIX

24. coming to sign for and get my legal mail, the Plaintiff replied "Yes, as
25. soon as you put on your mask, so please put on your mask."
26.    Officer Lasario put on his mask and the Plaintiff went and
27. sat on a stool by the telephones while Officer Lasario went to
28. get two other inmates for their legal mail.
29.    When Officer Lasario came to the entrance/exit door of the
30. dormitory with two other inmates, he was not wearing a mask.
31.    Officer Lasario opened the door in the dormitory and told the
32. Plaintiff to come for his legal mail and the Plaintiff responded
33. he was not coming near him unless he put on a mask.
34.    Office Bagsley who was wearing a mask, showed up and
35. held the door opened and Officer Lasario disappeared.
36.    Inmates were waiting in line where Lieutenant Baca was
37. distributing legal mail at the podium.
38.    When the Plaintiff's turn came to approach the podium to sign
39. for his legal mail, Officer Lasario appeared by Lieutenant Baca
40. and he was not wearing his mask.
41.    Lieutenant Baca asked if I wanted my legal mail as I would
42. not approach the podium, and the Plaintiff responded "yes
43. but the correctional officer needs to put on his mask."
44.    Lieutenant Baca would not give Officer Lasario a directive to
45. put on his mask and told the plaintiff to come to the podium
46. to sign for the legal mail.

# CLAIM SIX

47. Plaintiff stated to Lieutenant Baca it was mandated by the Governor
48. of New Mexico that correctional officers are to wear protective
49. mask as a mean of preventing the spreading of Covid-19 virus.
50. Lieutenant Baca raised his voice towards the Plaintiff stating "If
51. you want your legal mail to come and get it now or he was
52. going to mark it as refused" by the Plaintiff.
53. Lieutenant Baca held the Plaintiff's legal mail hostage which
54. coerced the Plaintiff to be within three (3) feet of Officer
55. Laxerio not wearing his mask.
56. When the Plaintiff filed his NMCD Inmate Grievance due to this
57. incident he listed two witnesses that would testify if needed
58. and also listed the surveillance camera taping from security as a
59. witness and requested to preserve this surveillance taping, the
60. Grievance Officer bluntantly denied the Plaintiff's Grievance.
61. Plaintiff has the belief Deputy Warden Tim Hatch was acting as
62. Warden of NENMCF at the time of this incident and Warden
63. Hatch is the person of authority to ensure the safety and
64. security of NMCD inmates, to ensure correctional officers
65. are properly trained to meet the requirements set forth by
66. NMCD Policies and Procedures, state, federal and local laws, and
67. to adhere to all constitutional requirements inmates retain.
68. It was the Warden/Designee who denied Plaintiff's Grievance by
69. stating "No proof to substantuate allegations" without

## CLAIM SIX

70. interviewing the Plaintiff's witnesses.

71. The Defendants displayed a deliberate indifference and a

72. reckless disregard for the Plaintiff's safety by failing to

73. act reasonably in preventing the spreding of the Covid - 19

74. virus and demonstrating acts of malicous harassment

75. against the Plaintiff.

76. Remorsefully the Plaintiff is a convicted sex offender who

77. was removed from an environment where he felt relatively

78. safe at the level II Geriatrics Unit at Los Lunas, New Mexico

79. then transferred to a facility of a higher security level

80. where inmates where verbally stating their hatred for sex

81. offenders, and this already had the Plaintiff under

82. emotional distress, then the addition of prison employees

83. reprehensible conduct related to the Covid-19 virus

84. epidemic by ignoring a state wide mandate to wear protective

85. mask, this further added to the Plaintiffs emotional distress.

86. Due to the unconstitutional conditions the Plaintiff was

87. placed under by prison officials, the Plaintiff 8TH

88. Amendment has been violated.

89. WHEREFORE, the Plaintiff prays to be granted the following relief:

90. Award compensatory damages in the following amounts:

P. 23

CLAIM SIX

91. Not less than $25,000.00 jointly and severally against
92. Defendants Tim Hatch, Lieutenant Baca, Officer Lasario
93 and the New Mexico Corrections Department for violations
94. of the Plaintiff's 8TH Amendment,

95. Award punitive damages in the following amount;
96. Not less than $50,000.00 jointly and severally against
97. Defendants Tim Hatch, Lieutenant Baca, Officer Lasario
98. and the New Mexico Corrections Department for violations
99. of the Plaintiff's 8TH Amendment,

100. Grant such other relief as it may appear that the
101. Plaintiff is entitled to.

# CLAIM SEVEN

1. On approximately 01-20-2021 Plaintiff met with Unit Manager
2. Baker at NENMCF, and Unit Manager Baker explained she was
3. contacted by the NMCD Classification Bureau requesting a
4. list of elderly inmates that needed to be housed at the
5. Level II Geriatrics Unit at Los Lunas, New Mexico because
6. of the inmates chronic medical conditions.
7. Unit Manager Baker stated she was putting me on a list
8. of twelve inmates that the NMCD Classification Bureau requested,
9. and she did not understand why I was previously removed
10. from the Level II Geriatrics Unit on August 6, 2020 and
11. transferred to NENMCF.
12. On April 23, 2021 the Plaintiff was told to pack his personal
13. property then placed in a holding cell awaiting transport.
14. There were 24 inmates waiting to be transported, 12 of
15. which were not geriatric inmates.
16. There were 2 transport vehicles waiting, one a small
17. styled bus where passangers were in individual seats facing
18. the highway like the one vehicle I was transported to NENMCF
19. in, and the other transport vehicle was a "dog kennel"
20. styled transport where inmates were seated side by side
21. in a group of inmates on one side of the transport and
22. the same on the other side of the transport. The seating
23. benches were made of hard material.

## CLAIM SEVEN

24. The Plaintiff was treated with deliberate indifference as
25. he and other geriatric inmates were placed in the "dog kennel"
26. styled transport while younger inmates without any
27. physical disabilities were placed on the mini-styled bus
28. which provided full body access through the door.
29. As the Plaintiff has physical and medical impairments it
30. was extremely difficult for him to get to his seating when
31. wearing handcuffs and ankle bracelets, and the "dog kennel"
32. styled transport had very small access doors making it
33. even more difficult to access seating.
34. Plaintiff noticed there were only four (4) seatbelts for five (5)
35. passengers, however they were not used. There are no
36. emergency exit doors in this style of transport vehicle, and
37. these "dog kennel" style transports are not ADA compliant.
38. The Plaintiff has sciatic nerve damage due to a prior back
39. surgery and has surgical hardware in his back that has become
40. detached that compromises his back pain.
41. Due to the transport vehicle lacking suspension to where
42. every bump in the road would jar the Plaintiff's back and
43. agitate his back and sciatic nerve, the swerving of the
44. vehicle, and the Plaintiff trying to brace himself when
45. the vehicle was braking to try to keep from sliding into
46. other inmate passengers, this caused the Plaintiff the

## CLAIM SEVEN

47. Most excruciating pain he has experienced since his back
48. surgery in 1986.
49.   The Plaintiff has ongoing pain that has worsened since being
50. placed on transport under the described conditions, and this is
51. an unnecessary wanton infliction of pain in violation of the
52. 8TH Amendment, as well as cruel and unusual punishment.
53.   It is the responsibility of the New Mexico Corrections
54. Department to train their correctional officers who transport
55. the Plaintiff, who is an American With Disabilities, to
56. ensure the plaintiff is free from pain and suffering and
57. furnish transport vehicles that are ADA compliant.

58. WHEREFORE the Plaintiff prays to be granted the following relief:

59. Award compensatory damages against Defendant New Mexico
60. Corrections Department in the amount of $ 25,000.00.

61. Award Punitive damages in the amount of $ 200,000.00
62. against Defendant New Mexico Corrections Department.

62. Grant such other relief as it may appear that the Plaintiff
63. is entitled to.

# CLAIM EIGHT

1. Plaintiff was returned to CNMCF / Level II Geriatrics Unit at
2. Los Lunas, New Mexico on April 23, 2021.
3. Upon Plaintiff's arrival at CNMCF he was placed in quarantine
4. at the CNMCF Receiving and Diagnostic Center housing unit where
5. the quarantine cells were located.
6. Plaintiff remained in quarantine for five (5) days before being
7. moved to the Geriatric Unit.
8. The cell the plaintiff was assigned to had boxer shorts with
9. feces in them on the floor as well as a dirty sheet that appeared
10. to have urination stains on it. There were bloody cotton balls
11. on the floor as well as food, used plastic utensils, leftover
12. styrofoam food containers and trash. The mattress left in
13. the cell was filthy, and what appeared to me to be dry
14. vomit was left on the sink and toilet, This cell was
15. an unsanitary bio-hazard environment.
16. The Correctional Officer was dressed in full Covid -19
17. virus protective clothing including coveralls, head
18. protection, mouth protection (mask) and gloves and a
19. faceshield.
20. Plaintiff stated to Correctional Officer that a hazmat
21. person need to be called to clean up the bio-hazards
22. and sanatize the cell. Plaintiff also requested to be
23. provided sanatizing supplies to clean, but none were furnished.

P. 29

# CLAIM EIGHT

24.   The Plaintiff had major concerns of him being placed in such
25. a unsanitary environment during the Covid-19 epidemic,
26. especially since it was obvious there had been no cleaning
27. or sanitizing in this cell for months or longer, and
28. the Plaintiff had no information if any other inmates
29. that were previously assigned to this cell were Covid-19
30. positive.
31.   The Plaintiff used a sock as a cleaning rag and a bar of
32. soap to clean the toilet and sink before he could use it.
33.   The Plaintiff lived under these unsanitary conditions
34. for five days and the only cleaning relief he received by
35. the Correctional Officer is he opened the door once holding
36. a trash bag and told me to pick up the trash and put it in
37. the bag, which I refused to do without protective gloves.
38.   The Correctional Officer picked up the larger pieces of the
39. trash and left;
40.   Deputy Warden De La Torre was the prison official
41. responsible for providing the Plaintiff a safe and
42. sanitary cell for five (5) days and was the person of
43. authority over correctional officers adherence to sanitary
44. conditions and the provision of cleaning supplies were met;
45.   The unsanitary conditions of the cell the Plaintiff was
46. placed in and not being provided cleaning / sanitizing

P. 30

# CLAIM EIGHT

47. are 8TH Amendment violations by the Defendants.

48.   Moreover, the Plaintiff was not provided his keep on person

49. (KOP) medications for five days as it was in his personal

50. property at a different location.

51.   These medications included pain medication for Plaintiff's

52. back and hip (Plaintiff was in extreme pain after transport)

53. and his inhaler due to his COPD.

54. The deprivation of the Plaintiff's medications was cruel

55. and unusual punishment in violation of the 8TH Amendment.

56. WHEREFORE, the Plaintiff prays to be granted the following relief:

57. An award of compensatory damages in the amount of $50,000.00

58. jointly and severally against Defendant Deputy Warden

59. De ha Tarre and the New Mexico Corrections Department for

60. violations of Plaintiff's 8TH Amendment.

61. An award of $25,000.00 in punitive damages against Defendants

62. Deputy Warden De ha Tarre and the New Mexico Corrections

63. Department jointly and severally for violations of the

64. Plaintiff's 8TH Amendment.

65. Grant such other relief as it may appear the Plaintiff is entitled to.

P. 31

# CLAIM NINE

1. Since 04-17-2019 the Plaintiff has had incidents of the CNMCF/CNRCU
2. Mailroom staff opening his legal mail outside of his being present
3. and before being forwarded to the Plaintiff.
4. On 07-30-2021 the Plaintiff received legal mail that was labeled
5. Certified that was opened without the Plaintiff being present.
6. This mail was sent from Weiz and Associates, P.C.; 133 Eubank
7. NE; Albuquerque, New Mexico 87123. This opened legal mail
8. was in a manila envelope and had the certified mail sticker
9. attached to the envelope.
10. Plaintiff was provided with a NMCD RECEIPT FOR OPEN
11. PRIVILEGED MAIL stating "opened accidentally! Came in
12. security envelopes," and was signed by staff member Ramirez.
13. On 01-25-2022 the Plaintiff received legal mail that was
14. already opened without Plaintiff being present when opened.
15. The legal mail was sent to the Plaintiff from Ives and Flores, P.A.;
16. 925 Luna Circle NW; Albuquerque, New Mexico 87102 and the
17. envelope is clearly marked Legal Mail.
18. Plaintiff was provided with a NMCD RECEIPT FOR OPEN PRIVILEGED
19. MAIL dated 11-06-2019 stating "Opened to verify from Law
20. Firm was sender," and name of staff was unsigned.
21. The continuation of the mailroom staff opening the Plaintiff's
22. legal mail violates the Plaintiff's 1st Amendment Right to Client –
23. Attorney confidentiality.

# CLAIM NINE

24. The New Mexico Corrections Department is responsible for
25. training Mailroom employees to follow NMCD Policies and
26. Procedures for the proper handling of inmate legal mail, and
27. Defendants New Mexico Corrections Department, Tim Hatch,
28. and John Sanchez are the persons of authority overseeing
29. the CNMCF Mailroom to ensure Mailroom staff is properly
30. trained to adhere to NMCD Policies and Procedures, State
31. and federal law, and ensure the Plaintiffs constitutional
32. requirements are met,
33. The Defendants violated the Plaintiffs 1st Amendment
34. right to client/attorney privacy for his legal mail,

35. WHEREFORE, the Plaintiff prays to be granted the following relief:

36. An award of compensatory damages against Defendants New
37. Mexico Corrections Department, Tim Hatch, John Sanchez
38. and Mailroom Officer Ramariz jointly and severally in the
39. amount of $20,000.00
40. An award of punitive damages against Defendants New Mexico
41. Corrections Department, Tim Hatch, John Sanchez and Mailroom
42. Officer Ramariz jointly and severally in the amount of $25,000.00.

43. Grant such other relief as it may appear Plaintiff is entitled to,

## CLAIM TEN

1. For over eight years the Plaintiff has been a subscriber and
2. contributor to a monthly published magazine from a religous
3. orginization named Titus House Ministries.
4. The contents of the Titus House Ministries newsletter includes
5. religous verses from the Bible, testimonials from prisoners, opinions
6. from prisoners, and new information and case laws that are
7. beneficial to prisoners and parolees.
8. Titus House Ministries is registered with the Internal Revenue
9. Service as a 501-C Non profit religous organization.
10. At the CNMCF/CNMRU Level II Geriatrics Unit the Plaintiff received
11. a NMCD Mail Rejection on 03-18-20 in which the mailroom
12. rejected the Plaintiff's Titus House Ministries newsletter and
13. stated the reason(s) for rejection were "No internet material and
14. No colored paper." This mail rejection was issued by Mailroom
15. Staff C. Gonzales and Verification Administrator Alfred Lucero.
16. The Plaintiff filed a NMCD Grievance and Grievance Appeal
17. due to the forementioned incident and the Grievance Appeal
18. was resolved due to the Director of Adult Prisons John Gay
19. stating his decision "The Titus House Ministries Newsletter
20. has been approved at CNMCF." Appeal dated 06-23-2020.
21. The Plaintiff did not receive his monthly issues of his Titus
22. House Ministries newsletter at CNMCF after he received a
23. favorable decision from his Grievance Appeal.

P. 34

## CLAIM TEN

24.    The Plaintiff was transferred to the Northeast New Mexico Correctional
25. Facility at Clayton, New Mexico on August 6, 2020 and although this was
26. a higher security level (Level III) facility than the CNMCF/CMRU Level II
27. ) Geriatrics Unit, the Plaintiff received all of his monthly issues
28. of Titus House Ministries Newsletter at Northeast New Mexico
29. Correctional Facility until he was returned to CNMCF/CMRU Level II
30. Geriatrics on April 23, 2021.

31.    The Plaintiff again was not receiving his monthly issue of
32. Titus House Ministries Newsletter at CNMCF/CMRU Level II Geriatrics
33. and on 08-03-2021 Plaintiff received a NMCD Mail Rejection
34. that rejected Titus House Ministries newsletter for the
35. reason "Not on approval list for vendors, This NMCD Mail
36. Rejection was signed by Mailroom Staff Ramirez and
37. Administrative Verification Officer Lucero.

38.    This rejection is contradictory as to the Plaintiff's
39. Grievance Appeal Decision, and the NMCD has a
40. responsibility to relay and enforce their decisions
41. related to Plaintiff's Grievance Appeals.

42.    The Plaintiff did not start receiving Titus House Ministries
43. Newsletter until the month of February, 2022 and the newsletter
44. is required to be delivered to the Chaplin before it is
45. forwarded to the Plaintiff.

46.    The Plaintiff was deprived of his 1st Amendment to

## CLAIM TEN

47. receive religous material, information downloaded from the internet

48. and case law through the mail process at CNMEF/CMRU level II

49. Geriatrics Unit for at least thirteen months.

50. Warden Tim Hatch and Deputy Warden De La Torre were the persons

51. of authority to oversee the daily operation of the CNMEF /CMRU

52. facility, including the mailroom, and it was their responsibility

53. to have mailroom staff that is properly trained on the NMCD

54. mail policies and procedures to ensure all local, state and federal

55. laws are adhered to and all Constitution requirements the

56. Plaintiff retains are being met.


57. WHEREFORE, the Plaintiff prays to be granted the following relief:


58. An award of compensatory damages against Defendants Warden Tim

59. Hatch, Deputy Warden De La Torre, Mailroom Officer C. Gonzales,

60. Mailroom Officer Ramirez and Administrative Verification

61. Officer Alfred Lucero jointly and severally in the amount of

62. $15,000.00 for violations of the Plaintiff's 1ST Amendment,


63. An award of punitive damages against Defendants Warden Tim

64. Hatch, Deputy Warden De La Torre, Mailroom Officer C. Gonzales,

65. Mailroom Officer Ramirez and Administrative Verification

66. Officer Alfred Lucero jointly and severally in the amount

CLAIM TEN

67. of $15,000.00 for violations of the Plaintiffs 1ST Amendrents.

68. Grant such other relief as it may appear Plaintiff is entitled to.

## CLAIM ELEVEN

1. On 12-29-2021 Deputy Warden verbally announced there was a
2. new mail policy that NMCD inmates were no longer allowed to
3. receive magazines, newspapers or books through their incoming mail.
4. Deputy Warden De La Torre then posted this policy that was not
5. signed and not on a official NMCD paper with NMCD heading.
6. Plaintiff read the latest NMCD Correspondence Policy dated
7. 07-31-2018 and there is nothing in NMCD Policy that states
8. the Plaintiff is not allowed to receive books, magazines or
9. newspapers in his incoming correspondence.
10. NMCD Correspondent Regulations Policy CD-151201; I; No.1
11. states "Books and Magazines will be accepted and delivered to
12. inmates if they are received directly from the publisher or
13. vendor, subject to other restrictions set out herein and in
14. Special Management Policies."
15. For several years the Plaintiff has been a subscriber and has
16. been receiving monthly publications of Prison Legal News and
17. Criminal Legal News magazines, whose publisher/vendor is
18. the Human Rights Defense Center.
19. Prison Legal News is a monthly publication reporting on legal cases
20. and news stories related to prisoner rights and prison conditions of
21. confinement.
22. Criminal Legal News is a monthly publication reporting on
23. state and federal appellate court decisions and news stories

## CLAIM ELEVEN

24. related to substantive criminal law, criminal procedure, official
25. misconduct and constitutional rights within the criminal justice
26. system.

27.    The Plaintiff had a prepaid subscription that paid for these
28. two (2) subscriptions several months in advance.

29.    The Plaintiff was issued a NMCD MAIL REJECTION on
30. 03-10-2022 by Mailroom Staff D. Ritter and Administrative
31. Verification Officer C. Duran that rejected the Plaintiff's
32. Criminal Legal News Magazine stating " Newspapers/magazines
33. prohibited.

34.    The Plaintiff has not received his monthly issue of Criminal
35. Legal News since receiving a NMCD MAIL REJECTION on 03-10-2022.

36.    The Plaintiff received another NMCD Mail Rejection on 06-16-2022
37. that rejected his monthly issue of Criminal Legal News stating
38. " Publications no longer allowed."

39.    The Plaintiff has not received a response for the Grievance
40. Appeal he filed from the 03-10-2022 incident of his
41. Criminal Legal News magazine being rejected, therefore the NMCD
42. Cabinet Secretary/Designee have exceeded the 45 day time
43. limit to respond.

44.    The Plaintiff's magazines have provided him valuable
45. case laws and information for several years and has
46. provided materials that he enjoys reading.

P. 39

## CLAIM ELEVEN

47.   Deputy Warden De la Torre, Mailroom Staff D. Ritter and Mailroom
48. Administrative Verification Officer C. Duran have maliciously and
49. intentionally deprieved the Plaintiff of his constitutional
50. rights protected by the 1ST and 14TH Amendments, and as Warden
51. Tim Hatch and the New Mexico Corrections Department are the
52. person and entity of authority that are allowing the Plaintiff's
53. constitutional rights to be violated, they also are responsible
54. for the Plaintiff's 1ST and 14TH Amendment rights being violated.

55.   WHEREFORE, the Plaintiff prays to be granted the following relief,

56. An award of compensatory damages in the amount of not less than
57. $25,000.00 jointly and severally against Defendants New Mexico
58. Corrections Department, Warden Tim Hatch, Deputy Warden
59. De La Torre, D. Ritter and C. Duran for violating the Plaintiff
60. of his 1ST and 14TH Amendment.

61. An award of punitive damages in the amount of not less than
62. $25,000.00 jointly and severally against Defendants New Mexico
63. Corrections Department, Warden Tim Hatch, Deputy Warden De la Torre,
64. D. Ritter and C. Duran for violating the Plaintiff's 1ST and 14TH
65. Amendment rights.

66. Grant such other relief as it may appear Plaintiff is entitled to.

P. 40

JOHN WILCOX #72010

CNMCF/LEVEL II GERIATRICS B-427

P.O. DRAWER 1328

LOS LUNAS, NM 87031

LEGAL MAIL

UNITED STATES DISTRICT COURT

MITCHELL R. ELFERS
CLERK

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 0 1 2022

333 LOMAS BLVD. N.W.    STE. 270

ALBUQUERQUE, NEW MEXICO

87102



quadient
PRIORITY MAIL
IMI
$009.25
07/22/2022 ZIP 87031
043M31226812

US POSTAGE

LEGAL MAIL