IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN WILCOX,

    Plaintiff,

v.                                                          No. 22-cv-00570-WJ-KBM

NEW MEXICO CORRECTIONS DEPARTMENT, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter comes before the Court *sua sponte* in connection with Plaintiff John Wilcox's Prisoner Civil Rights Complaint (Doc. 1) (Complaint).  Plaintiff is incarcerated and proceeding *pro se.*  The Complaint consists of 67 handwritten pages and raises claims under, inter alia, the First, Eighth, and Fourteenth Amendments.   Plaintiff also raises claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq* (ADA).  After filing the Complaint, Plaintiff submitted various motions to modify his claims and add defendants before initial review.  *See* Motion to Add Additional Claim to Plaintiff's Complaint (Doc. 11); Motion to Add Deputy Warden De La Torre to Plaintiff's Defendant List (Doc. 12); Motion Requesting Status of Initial Review (Doc. 13); Motion to Delete Document 11 (Doc. 15); and Motion to Supplement Plaintiff's Complaint with Claim Twelve (Doc. 16).   The motions primarily serve as piecemeal supplements to the original Complaint.

    The Court is not required to sort through various filings and supplements to piece together a plaintiff's claim.  *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun'

pleading."). Such filings "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012); *see also McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted"). Accordingly, the Court will deny Plaintiff's motions to add claims, add defendants, delete claims, and supplement or screen the original Complaint (Docs. 11, 12, 13, 15, and 16), in part. Rather than screening the piecemeal filings, and consistent with Fed. R. Civ. P. 15, the Court will grant leave to file a single, amended complaint within thirty (30) days of entry of this Order. The amendment must comply with Fed. R. Civ. P. 8(a) and contain a short and plain statement of the grounds for relief. In addition, the amendment must not exceed 30 pages in length and should include all claims, defendants, and allegations Plaintiff wishes to assert in this case. If Plaintiff declines to timely file a single, amended complaint that complies with these instructions, the Court may dismiss this case without further notice.

When drafting his amendment, Plaintiff is reminded that to state a 42 U.S.C. § 1983 claim, he must allege that each defendant, through the defendant's own individual actions, personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). "When various officials have taken different actions with respect to a plaintiff, the plaintiff's … passive-voice [allegations] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013). "Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Id.* The amended complaint

2

must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).   Moreover, entity and supervisor defendants can only be liable under 42 U.S.C. § 1983 where the constitutional violation is traceable to a policy or custom promulgated by that defendant.  *See Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989) (holding that entities and local governments "are subject to liability [under § 1983] only for their official policies or customs"); *Dodd v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (Wardens and other supervisors can face § 1983 liability based on the "promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights").

In addition to his requests to supplement the complaint, Plaintiff filed a Motion to Reconsider the Order Denying Motion to Appoint Counsel.  *See* Docs. 10, 14.  He alleges the claims are complex, and he has several chronic health issues that make it difficult to prosecute this case.  Whether to reconsider a non-final order is a matter of discretion.  *Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005) (citing Fed. R. Civ. P. 54 and noting "every order short of a final decree is subject to reopening at the discretion of the district judge").

As previously explained, "[c]ourts are not authorized to appoint counsel in 1983 … cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis.  *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).  The relevant factors, including "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues," do not justify taking this extraordinary step.  *Id*.  Even if Plaintiff's claims are complex, as he alleges, the Court is convinced he can prosecute this case.  Plaintiff's filings are sophisticated, and he has filed a previous prisoner civil rights complaint that survived initial

3

review. *See Wilcox v. Management and Training Corporation*, 19-cv-296 KWR-GJF. Plaintiff's motion seeking reconsideration and the appointment of civil counsel (Doc. 14) is therefore denied.

**IT IS ORDERED** that Plaintiff's Motion to Add Additional Claim to Plaintiff's Complaint (**Doc. 11**); Motion to Add Deputy Warden De La Torre to Plaintiff's Defendant List (**Doc. 12**); Motion Requesting Status of Initial Review (**Doc. 13**); Motion to Delete Document 11 (**Doc. 15**); and Motion to Supplement Plaintiff's Complaint with Claim Twelve (**Doc. 16**) are **GRANTED, in part, and DENIED, in part**, as set forth above; and Plaintiff's Motion to Reconsider the Order Denying Motion to Appoint Counsel (**Doc. 14**) is **DENIED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Plaintiff must file a single, amended complaint that does not exceed 30 pages in length and complies with the above instructions under Rule 8(a); and the Clerk's Office shall **MAIL** Plaintiff a blank prisoner civil rights complaint.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE